**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| THE CHICAGO ATHENAEUM: THE CENTER FOR ARCHITECTURE, ART, AND URBAN STUDIES, an Illinois corporation,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL AWARDS, INC.; HOSSEIN FARMANI; JOY INAM,<br><br>Defendants. | No. 18-cv-00150<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR INJUNCTIVE RELIEF**

Plaintiff The Chicago Athenaeum: The Center for Architecture, Art, and Urban Studies ("The Chicago Athenaeum") states as follows for its Complaint against Defendants International Awards, Inc., Hossein Farmani and Joy Inam:

**Introduction**

1. Since 1988, The Chicago Athenaeum has been a pioneer in the world of architectural education establishing itself in Chicago, the city known as "the first city of modern architecture and design". In 1994, The Chicago Athenaeum established the "American Award for Architecture" and the "American Prize for Architecture" in order to draw awareness to the artistic and engineering marvels accomplished by the best designers in the field. These awards, dedicated to Louis H. Sullivan who is often called "the father of skyscrapers" and the "father of modernism", have been awarded to architects all over the world for their contributions to the field of architecture since 1994. These awards have an American and international presence, and draw entries from all over the world. The Chicago Athenaeum has worked tirelessly to increase

its presence and foster growing awareness of architecture by establishing partnerships with foreign organizations of similar mission statements, supporting foreign events by assisting with marketing in the United States, and establishing travelling exhibitions that feature project designs that won the American Prize for Architecture and/or American Award for Architecture, and other innovative designs.

2. Defendants' recent establishment of their identical "American Architecture Prize" awards program for similar purposes has resulted in a growing number of instances of consumer confusion as to whether Defendants or their awards are affiliated, sponsored, or approved of by Plaintiff, which they are not. For example, on information and belief, numerous architecture teams have run web searches using Plaintiff's award and have submitted entries to the Defendants' website in the mistaken belief that Defendants are, or are affiliated with, Plaintiff or Plaintiff's "American Prize for Architecture" award.

3. Defendants' use of the mark "The American Architecture Prize" infringes upon Plaintiff's well-established "American Prize for Architecture" and "American Architecture Awards" marks, and presents a significant threat to the public's interest in not being confused when evaluating institutions that offer awards and the significance of their awards. Therefore, in this action, Plaintiff seeks injunctive relief against Defendants' use of the mark "The American Architecture Prize," or any similar mark, for its awards program.

**Parties**

4. Plaintiff is a 501(c)(3) non-profit corporation organized under the laws of Illinois with its principal place of business located at 601 South Prospect Street, Galena, Illinois 61036.

5. On information and belief, Defendant International Awards, Inc. is a corporation which operates in the United States from business offices located at 550 N Larchmont Boulevard, Suite

100, Los Angeles, California 90004, and also appears to have a location at 1 Sukhumvit 63 Rd., Ekkami Soi 8, Klongton Wattana, Bangkok 10110, Thailand.

6. Defendant Hossein Farmani, on information and belief, is an individual who conducts business from New York, New York. On information and belief, Defendant Farmani is an agent of Defendant International Awards, Inc. and operates in concert with Defendant International Awards, Inc.

7. Defendant Joy Inam, on information and belief, is an individual who conducts business from 550 N Larchmont Boulevard, Suite 100, Los Angeles, California 90004. On information and belief, Defendant Inam is an agent of Defendant International Awards, Inc. and operates in concert with Defendant International Awards, Inc.

**Jurisdiction and Venue**

8. This Court has original subject matter jurisdiction over Counts I and II of this action under 28 U.S.C. §§ 1331 and 1338 because the claims arise out of the Lanham Act under 15 U.S.C. §§ 1114 and 1125. This Court has supplemental jurisdiction over Plaintiff's remaining claims pursuant to 28 U.S.C. § 1367(a) because they are so related to the claims asserted in Counts I and II as to form part of the same case or controversy.

9. This Court has personal jurisdiction over Defendants because they advertise their products and solicit entries under the infringing THE AMERICAN ARCHITECTURE PRIZE and AMERICAN ARCHITECTURE AWARDS mark throughout the world, the United States, including in the State of Illinois and in this judicial district.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendants are subject to personal jurisdiction in this district and a substantial part of the events giving rise to the claims (*i.e.,* Defendants' trademark infringement) has occurred in this district.

## Factual Background

### I. History of the American Prize for Architecture & Plaintiff's Trademark Rights

11. The American Prize for Architecture is dedicated to Louis H. Sullivan, the founder of American modernism and widely considered to be the creator of the modern skyscraper and thus responsible in spirit for skylines around the world. Louis H. Sullivan was also responsible for inspiring a generation of legendary Chicago architects including Frank Lloyd Wright and Daniel H. Burnham whose contributions to the fields of art and design transcend the borders of the United States and inspired architects and artists worldwide.

12. The Chicago Athenaeum was founded in 1988 with its stated mission being to promote public education of and appreciation for all aspects of design in the fields of architecture, industrial and product design, graphics, landscape architecture, and urban planning. Borrowing from Louis H. Sullivan's inspirational impact on generations of architects, the Chicago Athenaeum established the American Architecture Awards in 1994 as an annual awards program to honor and celebrate outstanding architecture designs, whether built or unbuilt, throughout North and South America. *See* "25th Anniversary Flyer", a true and correct copy of which is attached hereto as Exhibit A.

13. Submissions for the American Prize for Architecture and the American Architecture Awards come from all over the world. The main requirement is that submissions must consist of designs which will be executed in North and South America. These submissions are evaluated by panels of evaluators located in various states within the continental United States and in various countries internationally, including Ireland, Greece, Germany, Turkey, Canada, and South Korea, to evaluate the submissions from foreign countries.

14. Plaintiff's "American Prize for Architecture" mark has been in continuous use in connection with the American Architecture Awards since 1994 and has been awarded to over 1,016 projects from 1994 to 2016:

## Awarded projects [ edit ]

The number of awarded projects:

1. 1994 – 30 projects
2. 1995 – 29 projects
3. 1996 – 40 projects
4. 1997 – 27 projects
5. 1998 – 29 projects
6. 1999 – 32 projects
7. 2000 – 43 projects
8. 2001 – 31 projects
9. 2002 – 35 projects
10. 2003 – 42 projects
11. 2004 – 37 projects
12. 2005 – 29 projects
13. 2006 – 33 projects
14. 2007 – 32 projects
15. 2008 – 65 projects
16. 2009 – 64 projects
17. 2010 – 47 projects
18. 2011 – 45 projects
19. 2012 – 62 projects
20. 2013 – 65 projects
21. 2014 – 65 projects
22. 2015 – 60 projects
23. 2016 – 74 projects

The American Architecture Awards™ is a trademark of The Chicago Athenaeum.

15. In 2006, the Chicago Athenaeum also established the International Architecture Awards program which is similar to the American Architecture Awards programs in many ways except submissions are limited to international architectural offices and entries from design teams based in the United States are limited to projects being designed for use or executed outside the United States.

16. In 2007, the Chicago Athenaeum partnered with The European Center for Architecture Design and Urban Studies, another organization with the goal of advancing public education and appreciation for design with offices in Ireland and Greece, and the two companies have organized and run the International Architecture Awards program together since that year. Through its collaboration with The Chicago Athenaeum, the European Center for Architecture Design and Urban Studies offers its own prize, the European Prize for Architecture, which has been awarded through its European Prize for Architecture program since 2010.

17. The winners of the American Prize for Architecture and the European Prize for Architecture have their projects jointly presented and exhibited worldwide at an exhibition called "The City and the World" which features examples of architectural designs whose designs demonstrate excellence and creative means of solving problems confronting modern designers.

This exhibition has taken place in Greece, Italy, Ireland, Argentina, Chicago, New York, and Los Angeles.

18. The winners of the American Prize for Architecture also have their projects featured in publications, such as a 312 page publication released by the Metropolitan Arts Press available in the United States and Europe titled “New American Architecture: Global Design + Urbanism”, as well as mentioned on industry websites, individual firms’ websites and social media platforms, and in various trade publications as indicated by the screenshot below:

**FORM4 ARCHITECTURE NAMED WINNER OF THE 2017 AMERICAN PRIZE FOR ARCHITECTURE**

an exhibition honoring the firm will open at contemporary space athens in july.

Form4 Architecture, known for its belief that architecture is the art of giving form to ideas, has been named the winner of the 2017 American Prize for Architecture by The Chicago Athenaeum Museum of Architecture and Design and The European Centre for Architecture Art Design and Urban Studies. The architecture, interiors, and planning firm specializes in creating enticing environments for tech offices, museums, mixed-use developments, educational institutions, memorials, and places of worship, that respond as equally to energy efficiency, site topography, and user experience. The firm’s international reach includes designs for projects in India, Korea, Taiwan, and Ireland, in addition to Northern California, with a particular focus on nearby Silicon Valley tech giants, such as Netflix, Citrix, VM Ware, Google, and Facebook.

19. In 2017, Plaintiff registered the AMERICAN PRIZE FOR ARCHITECTURE, the AMERICAN ARCHITECTURE AWARDS, and the INTERNATIONAL ARCHITECTURE AWARDS marks with the United States Patent and Trademark Office in connection with educational services and architectural design competitions —Registration No. 5,278,335, Registration No. 5,278,333, and Registration No. 5,278,334 respectively. The AMERICAN PRIZE FOR ARCHITECTURE and the AMERICAN ARCHITECT AWARDS registrations reflect dates of first use as early as 1994 while THE INTERNATIONAL ARCHITECTURE AWARDS registration reflects a date of first use in early 2005. *See* “Trademark Registrations”, a true and correct copy of each is attached hereto as Exhibit B.

## II. Defendants' History and Their Infringing Conduct

20. Defendants have founded a variety of companies which host awards programs, including the International Awards, The Lucie Awards, The Green Dot Awards, the American Architecture Awards, the American Architecture Prize, the London International Creative Competition, the International Restaurant and Hotel Awards, the International Photography Awards, and the European Product Design Awards. Defendant Hossein Farmani is referenced as the President of the International Awards, Inc. and is referenced in connection with "The American Architecture Prize" in various press statements and marketing materials.

21. Defendants started to use "The American Architecture Prize" as a reference to their award and awards programs. Their awards program shares many attributes in common with "The American Architecture Awards" and "The International Architecture Awards": (1) it is open to all designers, including those in the United States and in other areas of the world; (2) architects and designers are invited to submit their designs through their website; and (3) their marketing material indicates a mission statement to draw awareness to innovative designs in the fields of architecture, interior design, and landscape architecture amongst other disciplines.

22. Defendants' "The American Architecture Prize" is awarded twice per year through two programs: (1) The Design of the Year Award, which recognizes single projects created in the last 5 years; and (2) The Firm of the Year Award, which recognizes a companies' full body of work over the course of its business lifespan.

23. Defendants' above-referenced programs duplicate more specific aspects of The Chicago Athenaeum's brand. When these programs initially launched in 2016, they shared the same program format, text, graphics, rules, and jury structure as those underlying Plaintiff's "American Architecture Awards" and the "International Architecture Awards". The website

launched for these programs for marketing and entry solicitations repeatedly referred to the "American Architecture Awards" in connection with the "American Architecture Prize" and it contained over 275 instances of the use of the AMERICAN ARCHITECTURE AWARDS mark.

24. Defendants solicit entries through their website and have drawn entries from Chicago and thus have a presence in Illinois. *See* University of Chicago, *Campus North Residential Commons Honored by American Architecture Prize*, THE UNIVERSITY OF CHICAGO: CAMPUS & STUDENT LIFE (Oct. 12, 2017), https://csl.uchicago.edu/announcement/campus-north-residential-commons-honored-american-architecture-prize.

25. Defendant Joy Inam has engaged in conduct injurious to The Chicago Athenaeum brand and Plaintiff's AMERICAN PRIZE FOR ARCHITECTURE mark such as instances of cyber bullying, defamation, and harassment. For example, on information and belief, Defendant Joy Inam altered the Wikipedia.org entries for The Chicago Athenaeum and its President, Christian Narkiewicz-Laine, as evidenced by the user contribution pages which confirm her identity as the source of these revisions, to include untruthful and negative information, including unsubstantiated rumors of business uncertainty, misleading claims of criminal activity, and false suggestions of The Chicago Athenaeum's closure. *See* "Wikipedia Entries and User Contribution Page", a true and correct copy of which is attached hereto as Exhibit C.

## III. Continued Increase in Actual Confusion and Plaintiff's Unsuccessful Efforts to Stop Defendants' Infringing Conduct

26. After Defendants entered into the Chicago, Illinois, Los Angeles, California, domestic United States and international markets, Plaintiff began experiencing instances of actual confusion among consumers as to whether Defendants' THE AMERICAN ARCHITECTURE PRIZE was affiliated with or sponsored by Plaintiff, which it is not. For example, numerous consumers have submitted entries to Defendants intended for Plaintiff because searching for the

AMERICAN PRIZE FOR ARCHITECTURE leads to search results in which results for THE AMERICAN ARCHITECTURE PRIZE are commingled with search results for Plaintiff's prize and awards program. *See* "Google and Bing Results", a true and correct copy of which is attached hereto as Exhibit D.

27. Unfortunately, the confusion caused by Defendants' use of THE AMERICAN ARCHITECTURE PRIZE mark has only grown worse since Defendants began using the mark. In one instance, Defendants granted their award to the Sydney Park Water Re-Use Project designed by TurfDesign Studio & Environmental Partnership, but TurfDesign Studio issued a press release on its website that it received an award at "The 2016 American Architecture Awards" and that the "AAP was created by the Chicago Athenaeum Museum of Architecture and Design". The AAP is affiliated with Defendants not Plaintiff, and thus the instance with TurfDesign Studio is evidence of actual consumer confusion as the screenshot below indicates:

turf

HOME TURF PROJECTS ABOUT US COLLABORATIONS THE TEAM CONTACT US

Sydney Park Water Re-Use Project Wins Landscape Architecture of the Year

*October 2016*

The Sydney Park Water Re-Use Project by Turf Design Studio & Environmental Partnership has again been recognised, this time internationally, claiming Landscape Architecture of the Year at the 2016 American Architecture Awards.

The AAP was created by the Chicago Athenaeum Museum of Architecture and Design, together with The European Centre for Architecture Art Design and Urban Studies and Metropolitan Arts Press.

Now into its 22nd year, it is America's most respected architectural awards, recognising globally significant projects in architecture, interior design and landscape architecture.

A winner is chosen in each discipline covering over 41 subcategories.

The project's director Mike Horne said *"This is an immense honour. To be awarded in the company of such outstanding international work demonstrates just how much Sydney Park resonates. Not only have we created an interwoven network of community infrastructures and 'made' systems, the City has taken another significant step in transforming this former brick pit and landfill site into a vibrant new urban parkland".*

*"The project's success lies in its unique fusion of design, art, science and ecology.*

28. This consumer confusion is understandable: by using a mark whose word composition is substantially the same as Plaintiff's mark, Defendants' mark has caused widespread confusion and made it difficult for consumers to differentiate search results. Other members of the industry

have commented on this similarity and confusion in their respective publications as seen in the below screenshot:

Latvia.eu

Lettonie 100 Découvrir Ressources Actualités

Contacts et presse

Découvrir ▸ Actualités

Latvian designer wins American architecture prize

A Latvian interior designer has won an industry award in the United States, eng.lsm.lv reports.

Designer Santa Meikulāne won in one of the categories of the "American Architecture Prize 2017" (not to be confused with the similarly-named American Architecture Awards or American Prize for Architecture) for the interior design of a residence called Villa A. The project for the private house was created by lolot design and OutofBox architecture which has already won the Architizer A + Awards International Contest and Design Competition.

The award will be presented on October 27th in New York, USA.

Read the whole article here.

29. On information and belief, in some instances, architects who wanted to submit their projects for entry into the Chicago Athenaeum's American Architect Awards have mistakenly submitted these projects to Defendants instead.

30. Defendant Joy Inam, acting on behalf of Defendant International Awards, Inc., has also engaged in attempted blackmail, harassment, and intimidation against The Chicago Athenaeum when The Chicago Athenaeum attempted to protect the brand integrity of its AMERICAN PRIZE FOR ARCHITECTURE and AMERICAN ARCHITECTURE AWARDS marks. In response to the ensuing confusion engendered by the Defendants' activities, The Chicago Athenaeum attempted to protect the goodwill, value, and integrity inherent in its brand and marks by sending cease and desist letters. In response, Defendant Joy Inam transmitted an e-mail to The Chicago Athenaeum's President, Christian Narkiewicz-Laine, and its Communications Director, Jennifer Nyholm, in which Defendant Joy Inam characterized the policing of the AMERICAN PRIZE FOR ARCHITECTURE and the AMERICAN ARCHITECTURE AWARDS marks as "harassment" and threatened the Chicago Athenaeum, warning it to cease any protective measures or the Defendants would make undisclosed records

related to The Chicago Athenaeum's President known to the public. *See* "Inam E-Mail", a true and correct copy of which is attached hereto as Exhibit E.

31. Plaintiff has repeatedly attempted to resolve Defendants' infringement amicably, but Defendants have refused to stop their infringement. For example, when Plaintiff sent a cease and desist letter to Defendants about the unauthorized use of the AMERICAN ARCHITECTURE AWARDS mark on the website established for the Defendants' 2016 "American Architecture Prize" program, Defendants discontinued use of that mark but continued use of THE AMERICAN ARCHITECTURE PRIZE even though the Defendants were aware of the confusion. The earlier referenced e-mail sent by Defendant Joy Inam on October 26, 2017 also stated that "[They] would prefer to resolve this issue in court and not in public…" illustrating Defendants' posture towards Plaintiffs' claims and why attempts to settle this matter out of court have been unsuccessful. Further, when asked to cease their infringing conduct on other occasions, the Defendants indicated that they did not intend to cease their use of their confusingly-similar mark indicating that settlement was unlikely. *See* "Inam E-Mail", referenced above as Exhibit E.

32. Defendants' use of THE AMERICAN ARCHITECTURE PRIZE mark infringes on Plaintiff's AMERICAN PRIZE FOR ARCHITECTURE mark.

33. Defendants' conduct constitutes intentional and knowing infringement of the AMERICAN PRIZE FOR ARCHITECTURE mark.

34. Plaintiff has no adequate remedy at law.

35. The goodwill of Plaintiff's nearly 24-year-old AMERICAN PRIZE FOR ARCHITECTURE mark is being harmed by Defendants, and an increasing number of

consumers are becoming confused as a result of Defendants' infringing use of THE AMERICAN ARCHITECTURE PRIZE trademark.

36. Because the instances of consumer confusion continue to increase, and will only continue to increase as Defendants' presence continues to grow, injunctive relief is required to protect the goodwill that Plaintiff has established in its AMERICAN PRIZE FOR ARCHITECTURE mark since 1994 and to protect consumers from continued confusion.

**COUNT I**
**TRADEMARK INFRINGEMENT – 15 U.S.C. § 1114**

37. Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 36 as though fully stated herein.

38. Section 1114 of the Lanham Act precludes the use in commerce of any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any good or services on or in connection with which such use is likely to cause confusion, or cause mistake, or to deceive consumers.

39. Plaintiff is the sole and exclusive owner of the AMERICAN PRIZE FOR ARCHITECTURE mark (Registration No. 5,278,335). The AMERICAN PRIZE FOR ARCHITECTURE mark is a valid and subsisting trademark which is in full force and effect.

40. Defendants' unauthorized use of THE AMERICAN ARCHITECTURE PRIZE mark in connection with their solicitation of contest entries, awards shows, contests, competitions, and in connection with their prizes, and related goods and/or services, is likely to cause, and already has caused, confusion, mistake, or deception among consumers as to the source, quality, affiliation, sponsorship or authenticity of the parties' goods and/or services—depriving Plaintiff of the goodwill established in its AMERICAN PRIZE FOR ARCHITECTURE mark.

41. On information and belief, Defendants deliberately adopted and/or are using THE AMERICAN ARCHITECTURE PRIZE mark with a bad faith intent to cause consumer confusion and/or trade on the goodwill established by Plaintiff since 1994.

42. Defendants' use of THE AMERICAN ARCHITECTURE PRIZE mark in connection with its solicitation of contest entries, awards shows, contests, competitions, and in connection with their prizes, and related goods and/or services, has caused and, unless retrained and enjoined, will continue to cause consumer confusion and irreparable harm, damage and injury to Plaintiff for which Plaintiff has no adequate remedy at law.

43. Defendants' willful and continued use of THE AMERICAN ARCHITECTURE PRIZE mark after multiple requests by Plaintiff to cease all use of the mark makes this case an exceptional case for which an award of Plaintiff's reasonable attorneys' fees and costs are warranted.

**COUNT II**
**UNFAIR COMPETITION - 15 U.S.C. § 1125**

44. Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 43 as though fully stated herein.

45. Section 1125(a) of the Lanham Act precludes use in commerce of any word, term, or name likely to cause confusion as to the affiliation, connection or association as to the origin or sponsorship of goods or services by another person.

46. Through extensive and continuous use of its AMERICAN PRIZE FOR ARCHITECTURE mark since as early as 1994 and Plaintiff's registration of the mark (Registration No. 5,278,335) in 2017, Plaintiff has established trademark rights in its AMERICAN PRIZE FOR ARCHITECTURE mark.

47. Defendants' unauthorized use of THE AMERICAN ARCHITECTURE PRIZE mark in connection with their solicitation of contest entries, awards shows, contests, competitions, and in connection with their prizes, and related goods and/or services, is likely to cause, and already has caused, confusion, mistake, or deception among consumers as to the source, quality, affiliation, sponsorship or authenticity of the parties' goods and/or services—depriving Plaintiff of the goodwill established in its AMERICAN PRIZE FOR ARCHITECTURE mark.

48. On information and belief, Defendants deliberately adopted and/or are using THE AMERICAN ARCHITECTURE PRIZE mark with a bad faith intent to cause consumer confusion and/or trade on the goodwill established by Plaintiff since 1994.

49. Defendants' use of THE AMERICAN ARCHITECTURE PRIZE mark in connection with their solicitation of contest entries, awards shows, contests, competitions, and in connection with their prizes has caused and, unless retrained and enjoined, will continue to cause consumer confusion and irreparable harm, damage and injury to Plaintiff for which Plaintiff has no adequate remedy at law.

50. Defendants' willful and continued use of THE AMERICAN ARCHITECTURE PRIZE mark after multiple requests by Plaintiff to cease all use of the mark makes this case an exceptional case for which an award of Plaintiff's reasonable attorneys' fees and costs are warranted.

**COUNT III**
**ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICE ACT – 815 ILCS 510**

51. Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 50 as though fully stated herein.

52. Section 510/2 of the Illinois Uniform Deceptive Trade Practices Act provides in relevant part:

> A person engages in a deceptive trade practice when, in the course of his or her business…the person:
>
> (1) passes off goods or services of those of another;
> (2) causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services;
> (3) causes likelihood of confusion or of misunderstanding as to the affiliation, connection or association with or certification by another,…or
> (12) engages in any other conduct which similarly creates a likelihood of confusion or of misunderstanding.

815 ILCS 510/2.

53. Defendants' unauthorized use of THE AMERICAN ARCHITECTURE PRIZE mark in connection with their solicitation of contest entries, awards shows, contests, competitions, and in connection with their prizes, is likely to cause, and already has caused, confusion, mistake, or deception among consumers as to the source, quality, affiliation, sponsorship or authenticity of the parties' goods and/or services—depriving Plaintiff of the goodwill established in its AMERICAN PRIZE FOR ARCHITECTURE mark.

54. On information and belief, Defendants deliberately adopted and/or are using THE AMERICAN ARCHITECTURE PRIZE mark with a bad faith intent to cause consumer confusion and/or trade on the goodwill established by Plaintiff since 1994.

55. Defendants' use of THE AMERICAN ARCHITECTURE PRIZE mark in connection with their solicitation of contest entries, awards shows, contests, competitions, and in connection with their prize has caused and, unless retrained and enjoined, will continue to cause consumer confusion and irreparable harm, damage and injury to Plaintiff for which Plaintiff has no adequate remedy at law.

**COUNT IV**
**ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT**

56. Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 55 as though fully stated herein.

57. Section 505/2 of the Illinois Consumer Fraud and Deception Business Practices Act provides:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to…the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person in fact has been misled, deceived or damaged thereby.

815 ILCS 505/2.

58. Defendants' unauthorized use of THE AMERICAN ARCHITECTURE PRIZE mark in connection with their solicitation of contest entries, awards shows, contests, competitions, and in connection with their prizes, is likely to cause, and already has caused, confusion, mistake, or deception among consumers as to the source, quality, affiliation, sponsorship or authenticity of the parties' goods and/or services—depriving Plaintiff of the goodwill established in its AMERICAN PRIZE FOR ARCHITECTURE mark. Therefore, Defendants have used deceptive acts or practices as described in Section 2 of the Uniform Deceptive Trade Practices Act.

59. On information and belief, Defendants deliberately adopted and/or are using THE AMERICAN ARCHITECTURE PRIZE mark with a bad faith intent to cause consumer confusion and/or trade on the goodwill established by Plaintiff since 1994.

60. Defendants' use of THE AMERICAN ARCHITECTURE PRIZE mark in connection with their architectural awards has caused and, unless retrained and enjoined, will continue to cause consumer confusion and irreparable harm, damage and injury to Plaintiff for which Plaintiff has no adequate remedy at law.

**COUNT V**
**COMMON LAW TRADEMARK INFRINGEMENT**

61. Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 60 as though fully stated herein.

62. Through extensive and continuous use of its AMERICAN PRIZE FOR ARCHITECTURE Mark since as early as 1994, Plaintiff has established trademark rights in its AMERICAN PRIZE FOR ARCHITECTURE Mark.

63. Defendants' unauthorized use of THE AMERICAN ARCHITECTURE PRIZE mark in connection with their solicitation of contest entries, awards shows, contests, competitions, and in connection with their prizes, is likely to cause, and already has caused, confusion, mistake, or deception among consumers as to the source, quality, affiliation, sponsorship or authenticity of the parties' goods and/or services—depriving Plaintiff of the goodwill established in its AMERICAN PRIZE FOR ARCHITECTURE Mark.

64. On information and belief, Defendants deliberately adopted and/or are using THE AMERICAN ARCHITECTURE PRIZE mark with a bad faith intent to cause consumer confusion and/or trade on the goodwill established by Plaintiff since 1994.

65. Defendants' use of THE AMERICAN ARCHITECTURE PRIZE mark in connection with their solicitation of contest entries, awards shows, contests, competitions, and in connection with their prizes has caused and, unless retrained and enjoined, will continue to cause consumer confusion and irreparable harm, damage and injury to Plaintiff for which Plaintiff has no adequate remedy at law.

**Prayer for Relief**

WHEREFORE, Plaintiff prays that this Court enter judgment against Defendants as follows:

a) Preliminary and permanently enjoining Defendants' use of the phrase "The American Architecture Prize" as a name, trade mark, or service mark in connection with awards, contests, competitions, and educational services, and preliminary and permanently enjoining Defendants from making defamatory and false statements regarding Plaintiff including on Plaintiff's www.wikipedia.org page and otherwise;

b) Awarding Plaintiff its attorneys' fees and costs; and

c) Ordering or awarding Plaintiff any such other relief that the Court deems just and proper under the circumstances.

**Demand For Jury Trial**

Plaintiff demands a trial by jury on all issues so triable.

Dated: January 9, 2018

Respectfully submitted,

By: */s/ Michael A. Parks*

Michael A. Parks, IL 6217230
Todd. A. Rowden, IL 6201929
James L. Oakley, IL 6280737
Justin P. Mulligan, IL 6319388
THOMPSON COBURN LLP
55 E. Monroe Street, 37th Floor
Chicago, IL 60603
P: (312) 346-7500
F: (312) 580-2201
mparks@thompsoncoburn.com
trowden@thompsoncoburn.com
joakley@thompsoncoburn.com
jmulligan@thompsoncoburn.com