IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE CHICAGO ATHENAEUM: THE CENTER FOR ARCHITECTURE, ART AND URBAN STUDIES, an Illinois corporation,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL AWARDS, INC,;<br>HOSSEIN FARMANI; JOY INAM,<br><br>Defendants. | Case No. 18-cv-00150<br><br>Honorable Robert M. Dow, Jr. |

**DEFENDANT INTERNATIONAL AWARDS, INC.'S MOTION AND MEMORANDUM IN SUPPORT TO DISMISS PLAINITFF'S COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND FAILURE TO STATE A CLAIM**

Defendant, International Awards, Inc. ("International Awards" or "Defendant"), by and through its counsel at Baker McKenzie LLP, respectfully submits its Motion and Memorandum in Support to Dismiss Plaintiff's Complaint For Lack of Personal Jurisdiction and Failure to State a Claim under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), respectively. In support of its Motion, International Awards argues as follows:

**I.     INTRODUCTION**

Plaintiff improperly attempts to subject International Awards to this Court's personal jurisdiction with a conclusory allegation that International Awards advertises and solicits awards entries "throughout the world, [and] the United States, including in the State of Illinois and in this judicial district". Compl. at ¶ 9. Such activity is insufficient to confer personal jurisdiction on International Awards. Fatal to Plaintiff's claims for trademark infringement and unfair competition under the Lanham Act is the fact that its claims are based on its allegation that

trademark at issue, AMERICAN PRIZE FOR ARCHITECTURE, is valid. The mark, however, is registered on the Supplemental Register and, contrary to Plaintiff's allegation, is not *prima facie* valid as a matter of law. Because Plaintiff cannot sustain its claims under the Lanham Act, its other, related unfair competition and deceptive business practices act claims must fail as well. For these and the reasons set forth below, Defendant contends that Plaintiff's Complaint should be dismissed for lack of personal jurisdiction under Fed. R. Civ. P. ("Rule") 12(b)(2) and alternatively, for failure to state a claim under Rule 12(b)(6).

## II. FACTUAL BACKGROUND

International Awards is a California corporation, formed in August 2007, with its principal (and only) place of business in Los Angeles, California. *See* Declaration of David Teravagimov ("Teravagimov Decl.") at ¶ 3, attached as Exhibit A. International Awards owns no property in Illinois, and utilizes no Illinois bank accounts or Illinois phone numbers. *Id*. at ¶ 4. International Awards has no Illinois-based employees or independent contractors. *Id.* at ¶ 6. International Awards does not have any ownership interest in any business operating or incorporated or formed in Illinois. *Id.* at ¶ 5. International Awards does not do business in Illinois.

Between 2016 and 2017, International Awards managed The American Architecture Prize contest, which involved receiving submissions from architecture firms and projects around the world. Compl. at ¶ 21; Teravagimov Decl. at ¶ 7. International Awards did not solicit any contest entrants from Illinois, or for that matter any geographic region: the contests were open to any architectural firm or project which, itself, elected to enter a submission. Compl. at ¶ 21; Teravagimov Decl. at ¶ 7. International Awards places information for and about the contest on its website, www.americanarchitectureprize.com. Anyone can submit an entry through the

website. Teravagimov Decl. at ¶ 7. The award ceremonies for both the 2016 and 2017 contests were held in New York City, New York. *Id.* at ¶¶ 9-10.

Plaintiffs claims are based entirely on its ownership of a trademark registration for AMERICAN PRIZE FOR ARCHITECTURE (Reg. No. 5,278,335) Compl. at Counts I-V. That trademark is registered on the Supplemental Register. Compl. at Ex. B. Despite alleging that it has used AMERICAN PRIZE FOR ARCHITECTURE since 1994, Plaintiff did not register AMERICAN PRIZE FOR ARCHITECTURE until 2017. Compl. at ¶ 19.

### III. ARGUMENT

#### A. International Awards is Not Subject to This Court's Personal Jurisdiction

The Plaintiff has the burden of establishing personal jurisdiction. *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010). This Court may exercise personal jurisdiction over a non-resident defendant only if the Illinois long-arm statute confers jurisdiction and the assertion of that jurisdiction is consistent with the requirements of the Fourteenth Amendment's Due Process Clause. *Mobile Anesthesiologists Chicago, LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010). Constitutional due process requires that this Court determine whether a defendant has sufficient minimum contacts with Illinois such that the maintenance of this action "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945). The well-settled rule is that the defendant must have "purposefully availed" himself of the privilege of conducting activities within the forum state such that he should "reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 62 L. Ed. 2d 490, 100 S. Ct. 559 (1980).

Plaintiff attempts to establish personal jurisdiction solely by alleging that:

> This Court has personal jurisdiction over Defendants because they advertise their products and solicit entries under the infringing THE AMERICAN ARCHITECTURE PRIZE and AMERICAN ARCHITECTURE AWARDS mark [*sic*] throughout the world, the United States, including in the State of Illinois and in this judicial district.

Compl. at ¶ 9. Although not expressly alleged as a basis for jurisdiction, Plaintiff further alleges that International Awards operates a website through which entries are submitted from architects and designers from "the United States and in other areas of the world" including Chicago. Compl. at ¶ 21. Plaintiff also concludes that International Awards has "a presence in Illinois" because its contest has "drawn entries from Chicago". Compl. at ¶ 24. These allegations are insufficient to support the exercise of either general or specific jurisdiction.

### 1. International Awards is Not Subject to General Jurisdiction in Illinois

General jurisdiction requires a foreign corporation defendant to have business contacts with the forum State that are so continuous and systematic such that they render the defendant essentially at home in the forum State. *KM Enters., Inc. v. Global Traffic Techs., Inc.*, 725 F.3d 718, 733 (7th Cir. 2013) (internal quotations omitted). The paradigm all-purpose fora for general jurisdiction over a corporation are its place of incorporation and principal place of business. *Baker Dental Corp. v. Aurex Dental, Inc.*, No. 13-cv-8181, 2014 U.S. Dist. LEXIS 123851, at *6 (N.D. Ill. Sept. 5, 2014).

Applied here, general jurisdiction is manifestly lacking. Plaintiff concedes that International Awards is a California corporation with its principal place of business in Los Angeles. Compl. at ¶ 5; Teravagimov Decl. at ¶ 3. Absent from the Complaint are any allegations that International Awards has the requisite continuous and systematic contacts to support the exercise of general jurisdiction.

4

The only allegations that speak to Defendant's contacts with Illinois are those related to International Awards' website. However, Plaintiff concedes that International Awards' website is passive in that it simply posts information regarding the architecture competition that is available to residents in Illinois. Compl. at ¶ 21. This type of web presence without other, substantive contacts, is not enough to establish general jurisdiction. *Kipp v. Ski Enter. Corp. of Wisc.*, 783 F.3d 695, 699 (7th Cir. 2015) (holding that maintaining a public website, by itself, is insufficient to establish general jurisdiction); *Jennings v. AC Hydraulic A/S*, 383 F.3d 546, 549-50 (7th Cir. 2004) ("The exercise of personal jurisdiction based on the maintenance of a passive website is impermissible because the defendant is not directing its business activities toward consumers in the forum state in particular.").

To the extent any of Plaintiff's allegations approach a characterization of International Awards' website as interactive, the Complaint lacks any facts about the website to show the type of sales, advertising or other systematic contacts that would support a finding of general jurisdiction over International Awards. *Richter v. Instar Enters. Int'l Inc.*, 594 F. Supp. 2d 1000, 1008-09 (N.D. Ill. 2000) (an interactive website itself, even with some Illinois sales, is not sufficient to meet the high standard for general jurisdiction). The vague allegation that the website for The American Architecture Prize has "drawn entries from Chicago" does not meet the high standard for exercise of general jurisdiction. *See* Compl. at ¶ 24.

Aside from the very general allegations regarding International Awards' website, Plaintiff does not allege any facts establishing any pervasive or otherwise constant affiliation with Illinois. General jurisdiction does not exist in this case.

  **2. International Awards is Not Subject to Specific Jurisdiction in Illinois**

This Court also does not have specific jurisdiction over International Awards. The exercise of specific jurisdiction requires that "(1) the defendant has purposefully directed his

activities at the forum state or purposefully availed himself of the privilege of conducting business in that state, and (2) the alleged injury arises out of the defendant's forum-related activities." *Guaranteed Rate, Inc. v. Conn*, 264 F. Supp. 3d 909, 916 (N.D. Ill. 2017). Critical to this analysis is whether International Awards has engaged in affirmative acts that demonstrate minimum contacts with Illinois. *Richter*, 594 F. Supp. 2d at 1010.

> **a.  International Awards has not purposefully availed itself of the privilege of conducting business in Illinois.**

Notably, Plaintiff does not allege that Defendant's actions were expressly directed to Illinois or Illinois residents. In fact, Plaintiff alleges the opposite – that International Awards' activities are directed worldwide. Compl. at ¶ 21 (The American Architecture Prize "is open to all designers, including those in the United States and in other areas of the world."). On this basis alone, the Plaintiff has acknowledged that no facts exist to support the exercise of specific jurisdiction.

Plaintiff's reliance on International Awards' solicitation of entries through its website as a basis for specific jurisdiction is misguided. International Awards maintains a passive, primarily informational website that does not target the residents of Illinois or any other geographic region; it has no control over from where entry submissions are transmitted. Teravagimov Decl. at ¶ 7. Thus, the website does not provide a basis for specific jurisdiction. *Jennings*, 383 F.3d at 549-50 (holding that "a defendant's maintenance of a passive website does not support the exercise of personal jurisdiction over that defendant in a particular forum just because the website can be accessed there."). To the extent Defendant 'solicits' entries, it does not only by virtue of the fact that the website advertises the competition. Nowhere does the Complaint allege that the website is has any attributes of anything but a passive website.

Even if this Court determines the website is interactive because it permits individuals to enter submissions for The American Architecture Prize, personal jurisdiction is still not warranted. The nature and quality of International Awards' "commercial activity" is on the low end of the interactivity spectrum. *Berthold Types Ltd. v. European Mikograf Corp.*, 102 F. Supp. 2d 928, 933 (N.D. Ill. 2000), *quoting Zippo Mfg. Co. v. Zippo Dot Com. Inc.*, 952 F. Supp. 1119, 1123-24 (W.D. Pa. 1997). Moreover, because the website is not purposefully directed to Illinois residents, any entry by an Illinois resident is entirely fortuitous and is an improper basis for specific jurisdiction.

The hallmark test to assess minimum contacts remains whether the website ***intentionally*** targeted Illinois residents. "If the defendant merely operates a website, even a "highly interactive" website, that is accessible from, but does not target, the forum state, then the defendant may not be haled into court in that state without offending the Constitution." *be2 LLC v. Ivanov*, 642 F.3d 555, 559 (7th Cir. 2011); *see also Ariel Invs., LLC v. Ariel Capital Advisors LLC*, 881 F.3d 520, 521 (7th Cir. 2018) (distinguishing a defendant "closing [its] eyes to the effects of [its] decisions from "aim[ing] at" any particular person or state); *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 802 (7th Cir. 2014), as corrected (May 12, 2014) (answering no to the question "has [defendant] purposefully exploited the [Indiana] market" beyond simply operating an interactive website accessible in the forum state and sending emails to people who may happen to live there?").

As alleged in the Complaint, the website simply facilitates the entry of a submission. Compl. at ¶¶9, 24; Teravagimov Decl. at ¶ 8. There is no purposeful targeting of Illinois entrants nor does (or can) the Complaint provide any facts to suggest that Illinois residents comprise the majority of entrants or winners. Similarly, Plaintiff cannot allege that International Awards

7

derives substantial revenues from Illinois residents. The awards, including that to University of Chicago, are conferred in New York and International Awards has no continuing relationship with any Illinois entrant or winner. Compl. at ¶ 24; Teravagimov Decl. at ¶¶ 8-9.

The Complaint identifies one award granted for the University of Chicago, Campus North Residential Commons. Compl. at ¶ 24. The grant of an award to an Illinois-based entrant cannot salvage Plaintiff's attempt to sue Defendant in this jurisdiction. As Illinois courts have recognized, even 'transactions' with numerous Illinois residents are insignificant for specific jurisdictional purposes absent allegations that the defendant targeted the forum state. *be2LLC*, 642 F.3d at 559 (evidence that 20 Chicagoans created dating profiles irrelevant when the website did not target Illinois residents); *Gullen v. Facebook*, No. 15-C-7681, 2016 U.S. Dist. LEXIS 6958, at *6-7 (N.D. Ill. Jan. 21, 2016) (finding no specific jurisdiction over Facebook because it did not target Illinois residents). Given the absence of any conduct that meaningfully connects Defendant with Chicago, awards of the American Architecture Prize to Illinois residents has no bearing on the jurisdictional analysis.

### b. Plaintiff's alleged injury does not arise out of International Awards' activities in Illinois.

Even if Plaintiff could prove minimum contacts, which it cannot, it must also demonstrate that its injuries arise from Defendant's activities in Illinois. Plaintiff does not substantively allege that International Awards acted at, or in, Illinois and similarly cannot show that any of Plaintiff's alleged damages stem from International Awards' acts in Illinois. A court's specific personal jurisdiction is evaluated by reference to the particular conduct underlying the claims made in the lawsuit. *N. Grain Mktg., LLC v. Greving*, 743 F.3d 483, 494 (7th Cir. 2014). Here, Plaintiff's allegations of harm do not relate to Illinois. Instead, Plaintiff alleges 'commingled' search results on Google and Bing, affiliation confusion in Sydney, Australia, and

an otherwise vague allegation (based on information and belief) of confusion regarding contest submissions. Compl. at ¶¶ 26, 27, and 29.

Because the touchstone issue is the quality and nature of International Awards' contacts with Illinois, the fact that Plaintiff is based in Illinois is irrelevant to this analysis.

> The mere fact that [defendant's] conduct affected plaintiffs with connections to the forum State does not suffice to authorize jurisdiction. The relation between the defendant and the forum must arise out of contacts that the 'defendant himself' creates with the forum State.

*Advanced Tactical*, 751 F.3d at 802, quoting *Walden v. Fiore*, 134 S. Ct. 1115, 1122, 188 L. Ed. 2d 12 (2014) (internal quotations and citations omitted). The absence of any meaningful contacts in Illinois by Defendant and the affirmative allegations of injury outside of Illinois are fatal to a claim that Plaintiff's injury stems from International Awards' conduct in Illinois.

Because International Awards does not have sufficient contacts with Illinois, exercising jurisdiction over it does not comport with due process. Plaintiff, by its allegations, has conceded as much, and Plaintiff's Complaint should be dismissed for lack of personal jurisdiction.

### B. Plaintiff Has Failed to State a Claim.

Accepting all of Plaintiff's factual allegations as true, Plaintiff has failed to state a claim and its Complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Specifically, Plaintiff has failed to allege facts sufficient to support its claims for federal trademark infringement and unfair competition. Because Plaintiff's remaining state law claims for deceptive trade practices (Count III and IV) and common law trademark infringement (Count V) fall and rise with the Lanham Act claims, they too must be dismissed. *KJ Korea, Inc. v. Health Korea, Inc.*, 66 F. Supp. 3d 1005, 1012 (N.D. Ill. 2014) (noting that the analysis of Lanham Act claims applies equally to related state law claims for infringement and deceptive business practices).

9

To prevail on its Lanham Act claims for trademark infringement and unfair competition (Counts I and II), Plaintiff must be able to show: (i) that its mark is protectable; and (i) that the defendant's use of that mark is likely to cause confusion among consumers. *Phoenix Entm't Partners v. Rumsey*, 829 F.3d 817, 822 (7th Cir. 2016). Because the mark at issue, AMERICAN PRIZE FOR ARCHITECTURE, is registered on the Supplemental Register, it is not *prima facie* valid. 15 U.S.C. § 1094; *ERBE Elektromedizin GmbH v. Canady Tech. LLC*, 629 F.3d 1278, 1288 (Fed. Cir. 2010).

Nonetheless, Plaintiff alleges and that mark is "a valid and subsisting trademark which is in full force and effect." Compl. ¶ 29. Plaintiff's allegations of infringement and unfair competition are premised on this legal error and thus, it is fatal to Plaintiff's Complaint. With respect to its infringement claim, Plaintiff simply alleges that it owns a registration for AMERICAN PRIZE FOR ARCHITECTURE and the trademark is valid. Compl. at ¶ 38. Plaintiff's operative allegation in its claim for Unfair Competition (15 U.S.C. § 1125) merely alleges that "through extensive and continuous use" of its trademark, Plaintiff has established rights in the mark. Compl. at ¶ 46.

Trademarks registered on the Supplemental Register are not presumed to be inherently distinctive. *Vulcan Golf LLC v. Google, Inc.*, 254 F.R.D. 521, 528 (N.D. Ill. 2008). Because Plaintiff mistakenly assumes that its trademark is valid, it fails to allege, as it must, that the mark is protectable because it has acquired secondary meaning that entitles it to protection under trademark laws. *KJ Korea*, 66 F. Supp. 3d at 1014. Secondary meaning is "a *mental association* in buyers' minds between the alleged mark and a single source of the product." *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 647 (7th Cir. 2001), *citing* 2 J. Thomas McCarthy, TRADEMARKS AND UNFAIR COMPETITION § 15:5, at 15-9 (4th ed. 2001) (emphasis in

original). Secondary meaning can be established through direct consumer testimony, consumer surveys, length and manner of use, amount and manner of advertising, volume of sales, place in the market, and evidence of intentional copying. *Packman*, 267 F.3d at 647.

The only "fact" in the Complaint that speaks to secondary meaning is the self-serving cite to Plaintiff's Wikipedia page to support its allegation of longstanding use. Compl. at ¶ 14. Plaintiff alleges no facts that to show that any consumers actually *identify* its business with the mark. *Platinum Home Mortg. Corp. v. Platinum Fin. Grp., Inc.*, 149 F.3d 722, 728 (7th Cir. 1998). Instead, it merely alleges use of the mark at an exhibition with no reference to dates (Compl. at ¶ 17) in one publication (Compl. at ¶ 18). Also absent from the Complaint are any factual allegations regarding marketing, advertising, or other factors that speak to secondary meaning. Accordingly, Counts I through V of the Complaint should be dismissed for failure to state a claim.

## IV.     CONCLUSION

For the foregoing reasons, Defendant, International Awards, Inc., respectfully requests that this Court grant its Motion to Dismiss and dismiss the Complaint for lack of personal jurisdiction and, in the alternative, dismiss Counts I through V for failure to state a claim. Defendant further requests that this Court exercise its discretion to defer an Answer or Counterclaim to the Complaint pursuant to Paragraph 3 of the Standing Order for the Mandatory Initial Discovery Pilot Program in light of the Rule 12(b)(2) Motion.

Dated: March 30, 2018				Respectfully submitted,

 /s/ Shima S. Roy        

Shima S. Roy
Baker & McKenzie LLP
300 E. Randolph Street
Suite 5000
Chicago, Illinois 60601
Phone: (312) 861-8005
shima.roy@bakermckenzie.com

**CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on March 30, 2018, she caused the foregoing, Notice of Motion, to be filed electronically which will send notice of this filing by operation of the Court's CM/ECF system to all parties entitled to notice.

                        /s/ Shima S. Roy

> The well-settled rule is that the defendant must have "purposefully availed" himself of the privilege of conducting activities within the forum state such that he should "reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 62 L. Ed. 2d 490, 100 S. Ct. 559 (1980).