IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THE CHICAGO ATHENAEUM: THE CENTER FOR ARCHITECTURE, ART AND URBAN STUDIES, an Illinois corporation, | ) ) ) ) ) | Case No. 18-cv-00150 |
| | ) | Honorable Robert M. Dow, Jr. |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| INTERNATIONAL AWARDS, INC,; HOSSEIN FARMANI; JOY INAM, | ) ) ) | |
| Defendants. | ) | |

**RESPONSE AND OPPOSITION TO PLAINTIFF'S
ORAL MOTION FOR JURISDICTIONAL DISCOVERY**

Defendant, International Awards, Inc. ("International Awards") respectfully submits its Response and Opposition to Plaintiff's oral Motion for Jurisdictional Discovery. In support of its Opposition, International Awards states as follows:

On April 30, 2018, International Awards filed a Motion to Dismiss Plaintiff's Complaint for lack of personal jurisdiction pursuant to Federal Rule 12(b)(2). (ECF 19). In response to that Motion, Plaintiff seeks jurisdictional discovery in an attempt to create a basis for personal jurisdiction where none exists. However, jurisdictional discovery is only warranted when a plaintiff has alleged a *prima facie* showing of personal jurisdiction. Here, the Plaintiff has conceded that International Awards' architecture contest is a worldwide competition and alleges no facts to show that Plaintiff purposefully directed its activities to Illinois. International Awards has confirmed that fact through a declaration stating that none of its activities in furtherance of The American Architecture Prize are directed at, or performed in, Illinois with a declaration from

its Head of Marketing. In short, Plaintiff cannot meet the threshold showing required to justify jurisdictional discovery.

## I. LEGAL STANDARDS

While courts have discretion to permit jurisdictional discovery, "[a]t a minimum", a plaintiff "must establish a colorable or prima facie showing of personal jurisdiction before discovery should be permitted." *Central States, Southeast & Southwest Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 946 (7th Cir. 2000); *Pentwater Equity Opportunities Master Fund, Ltd. v. Baker*, Case No.: 15-cv-1885, 2016 U.S. Dist. LEXIS 152077, at *3-4 (N.D. Ill. Nov. 2, 2016) (noting that this standard requires the plaintiff seeking jurisdictional discovery to "advance proof to a reasonable probability of the facts necessary to establish federal jurisdiction.") (internal quotations omitted).

Plaintiff has the burden of establishing personal jurisdiction. *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010). This Court may exercise personal jurisdiction over a non-resident defendant only if the Illinois long-arm statute confers jurisdiction and the assertion of that jurisdiction is consistent with the requirements of the Fourteenth Amendment's Due Process Clause. *Mobile Anesthesiologists Chicago, LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010). In the Seventh Circuit, the state statutory and federal constitutional analyses merge. *Am. Bridal & Prom Indus. Ass'n, Inc. v. The P'ships & Unincorporated Assocs. Identified on Schedule A*, 192 F. Supp. 3d 924, 931 (N.D. Ill. 2016). Thus, a court is authorized to exercise personal jurisdiction over a non-resident defendant only if the defendant has "certain minimum contacts with [the state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 362 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945) (quoting *Miliken v. Meyer*,

311 U.S. 457, 463, 61 S. Ct. 339, 85 L. Ed. 278 (1940). The minimum contacts test varies depending on whether the case involves specific or general jurisdiction. Although the Complaint lacks any substantive allegations that speak to either basis for personal jurisdiction, the only reasonable interpretation of the Complaint is that Plaintiff has attempted to assert specific jurisdiction.

## II.   PLAINTIFF CONCEDES THAT IT CANNOT ESTABLISH A PRIMA FACIE SHOWING OF PERSONAL JURISDICTION

Plaintiff does not assert in its Complaint nor did it assert in its oral motion whether this Court may properly exercise general or specific personal jurisdiction over International Awards. Instead, Plaintiff generally alleges that: "This Court has personal jurisdiction over Defendants because they advertise their products and solicit entries under the infringing THE AMERICAN ARCHITECTURE PRIZE…mark throughout the world, the United States, including in the State of Illinois and in this judicial district." Compl. at ¶ 9.

### A.   No Allegations in the Complaint Support a Claim for General Jurisdiction

The Complaint lacks any allegations to support the assertion of general jurisdiction.[1] *Daimler AG v. Bauman*, 134 S. Ct. 746, 761, 187 L. Ed. 2d 624 (2014) (general jurisdiction is appropriate only where a defendant has such extensive contacts with the forum state such that it is "essentially at home" there.) In fact, Plaintiff acknowledges that International Awards is a California corporation. Compl. at ¶ 5. David Teravagimov's Declaration affirmatively forecloses any argument that International Awards is subject to general jurisdiction in Illinois.

International Awards has no offices or employees in Illinois. Teravagimov Decl. (ECF 19-A) at ¶¶ 3-6. Further, International Awards has no general business interests or ownership in

---

[1] Because this Motion is so related to International Awards' Motion to Dismiss (ECF 19) and International Awards assumes the Court will consider this Motion in the context of its Motion to Dismiss, International Awards respectfully incorporates those arguments in this Response.

3

Illinois. *Id.* at ¶ 5. Plaintiff makes no allegations that approach those necessary to establish general jurisdiction. In fact, the opposite is true. Plaintiff alleges that The American Architecture Prize "is open to all designers, including those in the United States and in other areas of the world" and that submissions are made "through [International Awards'] website." Compl. at ¶ 21; *see also Id.* at ¶ 24 ("Defendants solicit entries through their website"). The only allegation that attempts to tie International Awards with Chicago is a reference to an honor given by International Awards to a building at the University of Chicago. *Id.* at ¶ 24. That allegation does not create a basis for general jurisdiction. Because Plaintiff has not made a *prima facie* showing of general jurisdiction, it cannot seek jurisdictional discovery on a theory of general jurisdiction.

  **B.**  **No Facts Exist Are Alleged that Create a *Prima Facie* Showing of Specific Jurisdiction**

Courts cannot confer personal jurisdiction over an alleged trademark infringer simply by virtue of the trademark owner's residence. *Softee Mfg. LLC v. Mazner*, Case No.: 03 C 3367, 2003 U.S. Dist. LEXIS 22760, at *14 (N.D. Ill. Dec. 18, 2003). Here, where the claims rest solely on allegations of trademark infringement, the exercise of personal jurisdiction is proper only if a defendant: (i) commits intentionally tortious actions; (ii) which are expressly aimed at the forum state; (iii) with the defendant's knowledge that the plaintiff would be injured in the forum state. *Primack v. Pearl B. Polto, Inc.*, Case No.: 08-cv-4539, 2010 U.S. Dist. LEXIS 67966, at *12-13 (N.D. Ill. July 8, 2010). Plaintiff has not established a *prima facie* showing of specific jurisdiction because it has not alleged, and cannot allege any facts showing something more than injury. *Softee*, 2003 U.S. Dist. LEXIS 22760, at *11 (noting that injury to intellectual property in the forum state does not form the basis for asserting personal jurisdiction absent additional, meaningful contacts with the forum state).

4

The conclusory allegation that International Awards caused harm to its goodwill is insufficient to establish jurisdiction (Compl. at ¶ 35) and Plaintiff does not allege any further contacts with Illinois that are temporally and substantively related to the lawsuit such that the exercise of personal jurisdiction by this Court is proper. *Telemedicine Solutions LLC v. WoundRight Techs., LLC*, 27 F. Supp. 3d 883, 898 (N.D. Ill. 2014). Absent from the Complaint is a single allegation that International Awards actually directed any of its allegedly infringing activity to Illinois. To the extent Plaintiff alleges that an honor was conferred by International Awards on a Chicago based entrant, Plaintiff explicitly concedes that it was not the result of actions targeted to Illinois but the result of a "worldwide" effort to garner contestants. Compl. at ¶¶ 9, 21, at 24. Plaintiff makes a similar concession with respect to International Awards' website, which it alleges invites "all designers, including those in the United States and in other areas of the world" to apply for The American Architecture Prize. *Id.* at ¶ 21.

None of Plaintiff's allegations suggest a connection between International Awards and Illinois specifically so as to create a *prima facie* basis for specific jurisdiction. At best, they suggest "geographically nonspecific" actions that have only a fortuitous connection with Illinois. *See Uromed Tech., Inc. v. Reiner*, Case No.: 09-C 3493, 2010 U.S. Dist. LEXIS 11586, at *10 (N.D. Ill. Feb. 2, 2010). Like the plaintiff in *Softee* who could not establish a *prima facie* showing of personal jurisdiction, Plaintiff makes no allegation about the level of interactivity or the commercial nature of the website interaction beyond noting that it solicits entrants worldwide that happen to include Illinois residents. 2003 U.S. Dist. LEXIS 22760, at *15.

The allegation that Defendant, Joy Inam, acting on behalf of International Awards "engaged in attempted blackmail, harassment, and intimidation against Chicago Athenaeum" by

"threatening" to disclose "records" also does not satisfy the express aiming test.[2] *See* Compl. at ¶ 30. As an initial matter, the allegation has no bearing on Plaintiff's affirmative claims, all of which expressly relate to trademark infringement. *See* Compl. at Counts I-V. Furthermore, the allegation (and purportedly supporting Exhibit E), does not demonstrate targeted activity expressly aimed at the forum state. This is even more true, where it has not been alleged that any "records" were actually sent to any individuals by International Awards.

The only allegation that even specifically references an Illinois' resident, is that one Illinois resident was honored by The American Architecture Prize. Compl. at ¶ 24. But that "connection" is not alleged to have resulted from activity targeting Illinois or its residents. Rather, it is admittedly the result of the fact that International Awards' contest was open to contestants worldwide. *Id.* at ¶¶9, 21. Illinois law is clear that such activity does not constitute the type of targeting of Illinois residents that is sufficient to establish a colorable basis for jurisdiction:

> None of Defendant's alleged contacts – its website, Facebook page, Twitter feed, and conference-based marketing efforts – was targeted or aimed at Illinois, or prompted any more than happenstance interactions with Illinois residents or businesses….[Defendant's] affidavits demonstrate that it was not exploited or benefited from the Illinois market in any measurable way, a point that Plaintiff's amended complaint implicitly concedes.

*Telemedicine*, 27 F. Supp. 3d at 900; *see also be2 LLC v. Ivanov*, 642 F.3d 555, 559 (7th Cir. 2011).

---

[2] Plaintiff's allegations that Defendant "Joy Inam has engaged in…cyber bullying, defamation, and harassment" by altering Plaintiff's Wikipedia page is insufficient to satisfy the requirement that Defendant, International Awards acted specifically with the purpose of inflicting harm to the forum because: (1) the allegation is not directed to International Awards; (2) it does not show Illinois-directed activity; and (3) Plaintiff's requests for affirmative relief (Counts I-V) rest solely on allegations of trademark infringement. None are based on acts of "cyber bullying, defamation, and harassment".

6

4155154-v2\CHIDMS1

Otherwise, Plaintiff merely relies on an *inference* that Illinois residents may have learned about or participated in the contest for The American Architecture Prize through the International Awards' website. That inference is rendered even more insignificant by Mr. Teravagimov's declaration that "International Awards has never directly solicited any entrants from Illinois or any other geographic region." Teravagimov Decl. at ¶ 7. Because International Awards' conduct does not connect it to this forum in any meaningful way, Plaintiff cannot satisfy the second and third elements of the 'express aiming' test. *Telemedicine*, 27 F. Supp. 3d at 899. Any 'contact' International Awards had with Illinois through its website are "constitutionally inadequate" to support a finding of personal jurisdiction.

### C. Jurisdictional Discovery Will Not Yield Any Additional Facts Regarding Illinois-Targeted Activities

Plaintiff itself admits that International Awards did not target Illinois residents by virtue of its allegation that The American Architecture Prize is a worldwide contest that solicits entries "throughout the world". Compl. at ¶¶9, 21. International Awards has confirmed that allegation through a declaration. Plaintiff cannot obtain any additional information beyond what has been alleged that would assist this Court in determining whether personal jurisdiction exists. *See Chopra v. Naik*, Case No. 16 cv 10262, 2017 U.S. Dist. LEXIS 161801, at *13-14 (N.D. Ill. Sept. 30, 2017) (denying jurisdictional discovery because it was clear from the record the general publication of the defamatory statement "to an audience that may include members of the forum state was insufficient to establish minimum contacts."); *C.S.B. Commodities v. Urban Trend (HK) Ltd.*, 626 F. Supp. 2d 837, 855 (N.D. Ill. 2009) (denying jurisdictional discovery when Illinois contacts were merely fortuitous). Indeed, Plaintiff has not alleged any facts that even suggest International Awards had any meaningful contacts with Illinois. *Uromed*, 2010 U.S.

7

Dist. LEXIS 11586, at *11 (denying jurisdictional discovery as a "waste of the parties' resources" when no facts were alleged to suggest the defendant had contacts with Illinois).

Further, Mr. Teravagimov's Declaration does not contain any ambiguity that 'opens the door' to further jurisdictional discovery. To the extent Plaintiff relies on its single allegation that an Illinois resident received an award from Defendant as a proper foundation for personal jurisdiction, such information is publicly available. Conducting discovery on International Awards is unnecessary and unduly burdensome.

Plaintiff's request for jurisdictional discovery is simply an impermissible last-ditch effort to garner some evidence that *might* justify this Court's exercise of jurisdiction. *Meyer v. Hanfit Fride*, Case No. 11 C 4126, 2012 U.S. Dist. LEXIS 42329, at *17 (N.D. Ill. Mar. 28, 2012) (noting that a plaintiff cannot engage in jurisdictional discovery if it amounts to a "fishing expedition"). When Plaintiff's concession that International Awards' activities in furtherance of The American Architecture Prize is assessed in the context of Mr. Teravagimov's Declaration, the only reasonable conclusion is that jurisdictional discovery will not uncover any additional facts that inform whether International Awards' activities were expressly directed to Illinois.

### III. IF THIS COURT IS INCLINED TO GRANT JURISDICTIONAL DISCOVERY, IT SHOULD BE EXTREMELY LIMITED

Other than a general request for documents and at least one deposition, Plaintiff has not proposed or provided this Court with any definitive direction as to what discovery it believes is necessary to respond to the Motion to Dismiss. This court has broad discretion in delineating the proper scope of jurisdictional discovery. *Uromed*, 2010 U.S. Dist. LEXIS 11586, at *10. If this Court believes jurisdictional discovery is warranted, International Awards contends that discovery should be limited to five or less interrogatories. Any further discovery (and discovery targeted towards a theory of general jurisdiction) is not warranted in light of the Plaintiff's

admission that International Awards did not directly solicit or target Illinois residents and the public nature of the awards conferred since 2016. *INDAG GmbH & Co., Betreibs KG v. IMA S.p.A.*, 150 F. Supp. 3d 946, 973 (N.D. Ill. 2015) (limiting discovery to five interrogatories inquiring about Illinois contacts).

Depositions and document requests are unwarranted given the limited scope of issues that relate to personal jurisdiction. Defendant has a valid basis for asserting that it is not subject to personal jurisdiction, and the burden of collecting documents – the vast majority of which exist in Budapest, Hungary where International Awards conducts its marketing activities – is unduly burdensome and expensive. Similarly, there is no reason why depositions are necessary in this case. Mr. Teravagimov's Declaration does not provide any facts that cannot be examined further through interrogatories nor does it raise any facts that contradict the admissions in Plaintiff's Complaint as to International Awards' business. The facts of this case do not justify the expense of preparing and presenting Mr. Teravagimov, who resides in Hungary, for deposition.[3]

## IV.  CONCLUSION

Defendant, International Awards, respectfully requests that this Court deny Plaintiff's oral motion to take jurisdictional discovery in this matter and instead, set a briefing schedule on Defendant's Motion to Dismiss (ECF 19).

---

[3] While Plaintiff's counsel noted at the initial status hearing that depositions of foreign witnesses can be easily taken via videoconference, that statement ignores the disadvantage such depositions pose to the counsel presenting the witness if she is not physically present with the witness.

Dated: April 18, 2018                    Respectfully submitted,

  /s/ Shima S. Roy

Shima S. Roy
Baker & McKenzie LLP
300 E. Randolph Street
Suite 5000
Chicago, Illinois 60601
Phone: (312) 861-8005
shima.roy@bakermckenzie.com


/s/ Adam E. Urbanczyk

Adam E. Urbanczyk
AU LLC
564 W. Randolph St. 2nd Floor
Chicago, IL 60661
(312) 715-7312
adamu@au-llc.com
ARDC No. 6301067

**CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on April 18, 2018, she caused the foregoing, Response and Opposition to Plaintiff's Oral Motion for Jurisdictional Discovery, to be filed electronically which will send notice of this filing by operation of the Court's CM/ECF system to all parties entitled to notice.

    /s/ Shima S. Roy