IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE CHICAGO ATHENAEUM: THE CENTER FOR ARCHITECTURE, ART, AND URBAN STUDIES, an Illinois corporation, <br><br> Plaintiff, <br><br> v. <br><br> INTERNATIONAL AWARDS, INC.; HOSSEIN FARMANI; JOY INAM, <br><br> Defendants. | Case No.  18-cv-00150 <br><br> Judge Robert M. Dow, Jr. |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS
ORAL MOTION FOR JURISDICTIONAL DISCOVERY**

Plaintiff filed this action to stop Defendants from infringing Plaintiff's trademarks in Illinois and elsewhere, and from engaging in other improper conduct.  Defendant International Awards, Inc. has filed a motion to dismiss the Complaint for lack of personal jurisdiction.[1]  The narrow issue currently before the Court is whether Plaintiff may take limited jurisdictional discovery on the issues raised by Defendant's motion before responding to it.  Defendant opposes jurisdictional discovery by arguing Plaintiff has not established a *prima facie* case of personal jurisdiction over Defendant, and that jurisdictional discovery would not yield any additional jurisdictional facts.  (Plaintiff's Opposition, Dkt. Entry. No. 27).  Neither of Defendant's arguments has merit, and Plaintiff respectfully requests that this Court permit Plaintiff to conduct limited jurisdictional discovery consisting of a small number of document requests and a short deposition, as discussed in further detail below.

---

[1] As the Complaint alleges, the other two defendants, Hossein Farmani and Joy Inam, are agents of Defendant International Awards, Inc. (Complaint, Dkt. Entry. No. 1, at ¶¶ 6,7).

1

### 1. Plaintiff Has Established a *Prima Facie* Case of Personal Jurisdiction, and Therefore Should Be Permitted to Conduct Limited Jurisdictional Discovery Before Responding to Defendant's Motion to Dismiss.

Defendant's opposition to jurisdictional discovery largely rehashes the arguments in its motion to dismiss. But the issue presently before the Court is more narrow than the one presented in Defendant's motion to dismiss, and is directed to a threshold discovery issue, not adjudication of a motion for which Plaintiff is seeking discovery to respond. As explained below, Plaintiff has met its burden for conducting limited jurisdictional discovery.

"If a plaintiff establishes a *prima facie* case of personal jurisdiction, courts should permit it to conduct limited discovery to address the personal jurisdiction issues raised by a defendant's motion to dismiss." *United Wholesale LLC v. Traffic Jam Events*, Case No. 11-C-2637, 2012 WL 1988273, at *1 (N.D. Ill. June 4, 2012); *see also Central States, Southeast & Southwest Areas Pension Fund v. Phencorp Reinsurance Co.*, 440 F.3d 870, 876-77 (7th Cir. 2006)(holding trial court abused its discretion in denying jurisdictional discovery in response to a personal jurisdiction challenge). In deciding this issue, the Court accepts as true the plaintiff's undisputed allegations, all disputes in the evidence are resolved in favor of jurisdiction, and all factual disputes in the record are resolved in plaintiff's favor. *See Central States*, 440 F.3d at 878; *United Wholesale*, 2012 WL 1988273, at *1. The Complaint also is read liberally, with every inference drawn in favor of plaintiff. *Central States*, 440 F.3d at 878.

In this trademark infringement action, this Court has personal jurisdiction over the defendant if the defendant engaged in intentional conduct expressly aimed at Illinois with the knowledge that it would cause harm to the plaintiff, the plaintiff's claims arose out of or are related to defendant's contacts with Illinois, and the exercise of personal jurisdiction would not

offend traditional notions of fair play and substantial justice. *Ariel Investments, LLC v. Ariel Capital Advisors LLC*, 881 F.3d 520, 522 (7th Cir. 2018); *Tamburo v. Dworkin*, 601 F.3d 693, 703, 705, 707 (7th Cir. 2010). Moreover, trademark infringement is a tort, and "as long as one tortious act is committed in Illinois the courts of the state, and thus this Court, may exercise personal jurisdiction over Defendant." *Monster Energy Co. v. Wesheng*, 136 F.Supp.3d 897, 906 (N.D. Ill. 2015) (denying motion to dismiss for lack of personal jurisdiction).

Here, Plaintiff has plainly established a *prima facie* case of personal jurisdiction sufficient to conduct limited jurisdictional discovery of Defendant. Plaintiff's Complaint alleges that Defendant uses its infringing trademarks in Illinois (Complaint, ¶¶ 9, 24, 26), and specifically alleges Defendant has used its infringing trademarks to "solicit entries" from Illinois residents for Defendant's infringing architectural awards that Defendant provides under its infringing marks. (Complaint, ¶ 24). The Complaint alleges that Defendant has drawn entries from Chicago for its infringing architectural awards, including from an architectural project at the University of Chicago that transacted with Defendant, and that Defendant provided/sold an infringing award. (*See* Complaint, ¶ 24). The Complaint further alleges that Plaintiff is headquartered in Illinois (Complaint ¶¶ 1,4), and that Plaintiff and its marks have a strong connection to Illinois because "[s]ince 1988, [Plaintiff] The Chicago Athenaeum has been a pioneer in the world of architectural education establishing itself in Chicago, the city known as 'the first city of modern architecture and design.'" (Complaint, ¶ 1). The Complaint alleges that Defendant's infringing conduct has been intentional (Complaint, ¶ 33), thus intending to harm Plaintiff in Illinois and elsewhere.

Asserting personal jurisdiction over Defendant in this case would not offend any traditional notion of fair play or substantial justice. Defendant is purposefully transacting

3

business with Illinois residents using its infringing marks. As the Declaration provided with Defendant's motion to dismiss acknowledges, Defendant charges a fee to any consumer who submits an entry for Defendant's infringing architectural awards. (Declaration of David Teravagimov, Dkt. Entry No. 19-1, ¶ 8). Nothing in the record suggests Illinois residents do not pay this fee. For purposes of this jurisdictional analysis, the monetary transactions Defendant enters into with consumers of its infringing awards, including those in Illinois, are no different than any other commercial transaction entered into by a defendant using an infringing mark to sell or provide infringing products and services. The law is clear that ". . . specific jurisdiction is proper where a company 'holds itself out as open to do business with every state' and is 'ready and willing to do business with that state's residents." *Monster Energy*, 136 F.Supp.3d at 906 (quoting *Illinois v. Hemi Group, LLC*, 622 F.3d 754, 758 (7th Cir. 2010), brackets excluded). In *Monster Energy*, for example, the court held that Illinois had personal jurisdiction over a foreign defendant, consistent with the notions of fair play and substantial justice, based on sales of infringing product to only two Illinois residents because "defendants expressly elected to do business with the residents of all fifty states, including Illinois." *Monster Energy*, 136 F.Supp.3d at 906. The situation here with Defendant is no different.

Defendant is incorrect to suggest it had to target Illinois residents in order to be subject to personal jurisdiction in Illinois. (*See* Dkt. Entry No. 27 at 5, 6). This Court has made clear that "defendants need not 'specifically target' consumers in a certain state in order to submit themselves to jurisdiction there." *Dental Arts Laboratory, Inc. v. Studio 360 The Dental Lab LLC*, No. 10-cv-4535, 2010 WL 4877708, at *5 (N.D. Ill. Nov. 23, 2010).

Likewise, Defendant's reliance on cases such as *Telemedicine Solutions LLC v. Woundright Techs., LLC*, 27 F.Supp.3d 883 (N.D. Ill. 2014), and *be2 LLC v. Ivanov*, 642 F.3d

4

555 (7th Cir. 2011), is misplaced. In *Telemedicine*, the infringement claim at issue related solely to a Google AdWords advertisement that allegedly infringed Plaintiff's trademark. This Court held the content of the Google ad had nothing to do with Illinois, and there was no allegation any customer or potential customer in Illinois even saw the ad. *Telemedicine*, 27 F.Supp.3d at 899. Here, in contrast, Plaintiff's Complaint specifically alleges that Defendant has used its infringing trademarks to "solicit entries" from Illinois residents for Defendant's infringing architectural awards that Defendant provides under its infringing marks. (Complaint, ¶ 24). The Complaint also alleges that Defendant has drawn entries from Chicago for its infringing architectural awards, including from an architectural project at the University of Chicago that transacted with Defendant, and that Defendant provided/sold an infringing award. (*See* Complaint, ¶ 24). That is a far cry from the situation in *Telemedicine*. Similarly, in *be2 LLC*, the defendant operated an allegedly infringing Internet dating site accessible from Illinois. Although there was an indication that 20 people listed Illinois addresses in dating profiles created on the site, there was no evidence or allegation that any transaction was conducted with any Illinois resident or that there was any interaction between the defendant and any Illinois resident. Here, in contrast, as indicated by the Complaint allegations and the evidence of record above, Defendant has connections and transactions with Illinois sufficient not to offend any notion of fair play or substantial justice. Plaintiff has established at least a *prima facie* case of personal jurisdiction over Defendant in this action.

    **2.    Jurisdictional Discovery Would Help Resolve the Ambiguities Presented in Defendant's Motion to Dismiss.**

In its motion to dismiss for lack of personal jurisdiction, Defendant relies on the Declaration of David Teravagimov to support its argument that it is not subject to personal jurisdiction in Illinois. (Dkt. Entry 19-1). The statements in Mr. Teravagimov's Declaration

5

raise more questions than they provide answers. For example, although the tenor of the Declaration is that Illinois allegedly has no jurisdiction over Defendant, the Declaration is completely silent as to: how many entries/submissions Defendant has received from Illinois residents; how many monetary transactions Defendant has conducted with Illinois residents as part of the "fees" Defendant acknowledges in the Declaration it collects from each entrant;[2] how many allegedly infringing awards has Defendant sold/provided to residents of Illinois; how many allegedly infringing awards have residents of Illinois paid for; what type of ongoing contacts or transactions does Defendant maintain with Illinois residents who have been sold/provided one of Defendant's infringing awards; whether any residents of Illinois have referenced Plaintiff or its marks or indicated they thought they were transacting with Plaintiff when they really were transacting with Defendant. These are questions that are relevant to Plaintiff's response to Defendant's personal jurisdiction challenge, and Plaintiff should be able to receive answers to them before responding to Defendant's motion. "Generally, jurisdictional discovery is justified if the plaintiff can show that the factual record is at least ambiguous or unclear on the jurisdictional issue." *United Wholesale*, 2012 WL 1988273, at *1 (granting jurisdictional discovery to plaintiff for purposes of response to motion to dismiss for lack of jurisdiction). In this case, Plaintiff requests minimal (e.g., 5-7) document requests and a short (e.g., 3-4 hour) deposition to address the matters above and any other factual bases Defendant has raised as to why it is allegedly not subject to personal jurisdiction in Illinois.

      Plaintiff is willing to conduct the deposition by Skype or videoconference if necessary. Plaintiff also is willing to conduct a Rule 30(b)(6) deposition of Defendant on limited jurisdictional topics if Defendant does not want to produce its declarant David Teravagimov for

---

[2] Defendant argues these fees were processed in Los Angeles or outside the country (Dkt. Entry No. 19-1, ¶8), which is a disputed issue, but one that would not preclude Illinois from having personal jurisdiction over Defendant even if the fees were processed outside Illinois. *Illinois v. Hemi Group, LLC*, 622 F.3d 754, 759 (7th Cir. 2010).

some reason. In short, Plaintiff is willing to work with Defendant to minimize any burden Defendant argues limited jurisdictional discovery would allegedly create. To be clear, however, as this Court has held, "Illinois has an interest in 'providing a forum in which its residents can seek to protect their intellectual property rights. And 'while a defendant's burden in litigating in a forum state is relevant, inconvenience alone is not enough to defeat personal jurisdiction." *Dental Arts Laboratory*, 2010 WL 4877708, at *5-6 (citations omitted).

## Conclusion

For the foregoing reasons, Plaintiff respectfully requests that this Court grant its oral motion to conduct limited jurisdictional discovery before responding to Defendant's motion to dismiss for lack of personal jurisdiction.

Dated: April 25, 2018

Respectfully submitted,

By: */s/ Michael A. Parks*

Todd. A. Rowden, IL 6201929
Michael A. Parks, IL 6217230
James L. Oakley, IL 6280737
Justin P. Mulligan, IL 6319388
THOMPSON COBURN LLP
55 E. Monroe Street, 37th Floor
Chicago, IL 60603
P: (312) 346-7500
F: (312) 580-2201
mparks@thompsoncoburn.com
trowden@thompsoncoburn.com
joakley@thompsoncoburn.com
jmulligan@thompsoncoburn.com

## **CERTIFICATE OF SERVICE**

I, Michael A. Parks, certify that on April 25, 2018, I electronically filed the foregoing document with the Clerk of the Court, using the CM/ECF system, which sent notification of such filing to all counsel of record in this matter.

    /s/ *Michael A. Parks*
    Michael A. Parks 6217230
    THOMPSON COBURN LLP
    55 East Monroe St., 37th Floor
    Chicago, IL 60603
    312-346-7500
    mparks@thompsoncoburn.com